USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-15-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALBERT BELL,

                        Petitioner,           09 Civ. 7218 (PKC)(GWG)

           -against-                   ORDER ADOPTING REPORT
                                               AND RECOMMENDATION

WARDEN ANNA M. KROSS CENTER,

                        Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        On November 13, 1978, petitioner Albert Bell was sentenced to a prison term of 15 years to life imprisonment for his conviction of Murder in the Second Degree, N.Y. Penal Law § 125.25. (Exhibit K to the Respondent's Declaration in Opposition to the Petition for a Writ of Habeas Corpus ("Resp. Decl.")). Petitioner was released on parole on March 8, 2001. (Id.) One of the conditions of release was that petitioner would participate in a substance abuse counseling program. (Id.)

        Petitioner was discharged from his substance abuse counseling program in November 2005, due to his nonattendance. (Resp. Decl. Exh. T at 17.) The New York State Division of Parole issued a parole violation warrant on December 2, 2005 (Resp. Decl. Exh. R), and petitioner was presented with this warrant on May 15, 2006 (Resp. Decl. Exh. L). Petitioner's preliminary hearing was scheduled for May 22, 2006, but due to his hospitalization, the hearing did not occur until June 2, 2006, while petitioner still was in the hospital. (Resp. Decl. Exh. S.) Petitioner did not have the assistance of counsel at his preliminary hearing. (Resp. Decl. Exh. T.)

mailed 7/15/10

On June 22, 2007, petitioner, represented by counsel, filed a petition for a writ of habeas corpus with the Supreme Court of New York, Bronx County. (Resp. Decl. Exh. A.) The grounds he asserted were that his right to a timely preliminary hearing was denied in violation of the Fourteenth Amendment, the New York State Constitution and New York State statutory provisions, and that his right to counsel at the preliminary hearing had been violated. (Id.)

On October 2, 2007, the state trial court denied the petition on the merits. (Resp. Decl. Exh. D.) The Appellate Division, First Department, affirmed this decision on November 25, 2008. (Resp. Decl. Exh. G.) The New York Court of Appeals denied leave to appeal on March 26, 2009. (Resp. Decl. Exh. J.)

On August 17, 2009, petitioner, acting pro se, filed the instant petition for a writ of habeas corpus, asserting: (1) that his right to a timely preliminary hearing was denied in violation of the Fourteenth Amendment, the New York State Constitution, and New York Executive Law § 259-i(3)(a)(4) and § 259-i(3)(c)(i), (iii) and (iv); and (2) that his right to counsel at the preliminary hearing was violated.

I referred the petition to the Honorable Gabriel W. Gorenstein, United States Magistrate Judge to hear and report. (Docket No. 3.) On May 18, 2010, Judge Gorenstein issued an 18-page Report and Recommendation ("R & R") in which he recommended that the Court deny the petition. (Docket No. 12.) The R & R advised the parties that they had 14 days from service of the R & R to file any objections, and that failure to timely file such objections would result in their waiver. (R & R at 17-18.) On June 7, 2010, I granted petitioner's request for an extension of time to file an objection to the R & R. (Docket No. 13.) Petitioner filed his objection on June 25, 2010. (Docket No. 14.)

I have reviewed Judge Gorenstein's R & R and petitioner's objection. I find the R & R to be well reasoned and thoroughly grounded in law. Judge Gorenstein reviewed, inter alia, petitioner's and respondent's submissions, the transcript of petitioner's preliminary parole revocation hearing, petitioner's state habeas corpus petition and case law governing the issues raised in the petition.

Judge Gorenstein properly concluded that, to the extent petitioner's due process arguments derive from a violation of New York State law, such claims are not cognizable on a writ of habeas corpus. (R & R at 14 (citing Estell v. McGuire, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law")).) Judge Gorenstein also properly concluded that petitioner's federal due process claim must also be dismissed to the extent it is based on the 18-day period between the execution of the parole revocation warrant and his preliminary hearing. As Judge Gorenstein noted, the Supreme Court of the United States has held that a parolee has a right to a preliminary hearing "as promptly as convenient," after the warrant is executed, but it has not adopted a bright-line standard for assessing a claimed violation of due process. (R & R at 14 (quoting Morrissey v. Brewer, 408 U.S. 471, 485 (1972)).) Judge Gorenstein correctly concluded that the state court's determination that petitioner's federal due process rights were not violated was not "contrary to" or an "unreasonable application of" clearly established federal law. (Id. at 15 (citing 28 U.S.C. § 2254(d)(1)).)

In the R & R, Judge Gorenstein noted that petitioner's preliminary hearing originally was scheduled for May 22, 2006, but was adjourned because petitioner became ill and was hospitalized. (R & R at 2 (citing Resp. Decl. Exh. S.) In his objection, petitioner argues that the R & R is in error because his Parolee Chronology Report shows that on May 22, 2006, a parole officer met with petitioner at a "Correctional Facility called VCBC . . . ." (Objection at

6.) This argument is belied by the document upon which the petitioner relies. According to the Parolee Chronology Report, on May 22, 2006, petitioner was located at "Lincoln Hospital in the Bronx." (Resp. Decl. Exh. S.) That report also states that petitioner's treating physician was "uncertain if P would be physically able to have a hearing . . . . Later in afternoon, P was served notice of adjournment date and signed acknowledgment." (Id.)

Turning to petitioner's claim that his right to counsel at the preliminary hearing was violated, Judge Gorenstein reviewed the relevant Supreme Court precedent, specifically, Gagnon v. Scarpelli, which holds that "the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system." 411 U.S. 778, 790 (1973). As Judge Gorenstein properly concluded, applying the factors set forth in Gagnon, and given the state court's factual finding that petitioner did not request counsel at his preliminary hearing, it cannot be said that the state court's decision was "contrary to" or an "unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1).

In his objection, petitioner argues that he requested counsel on May 15, 2006. (Objection at 3.) In support of this argument, petitioner points to the Notice of Violation provided to him on that date. (Exhibit B to Resp. Decl. Exh. A.) To request counsel, however, the parolee must sign the bottom portion of the Notice of Violation and submit it to the counsel listed on the Notice. (Id.) Petitioner did not do so. (Id.)

Finally, in his objection, petitioner requests the appointment of counsel. I note that Judge Gorenstein denied petitioner's first request for counsel in an order dated October 14, 2009. (Docket No. 6.)

The Second Circuit has set forth the factors a district court should consider in deciding whether to grant an indigent pro se litigant's request for the appointment of counsel. Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989) (per curiam); Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). As a threshold requirement, the Court must determine whether petitioner's claim "seems likely to be of substance." Hodge, 802 F.2d at 61. As detailed above, petitioner's claim is not one of substance, and for that reason, his request for counsel is denied. Assuming petitioner's claim were one of substance, applying the factors set forth in Hodge, I would deny petitioner's application. In particular, there is no need for an attorney to investigate facts, and the legal issues presented by the petitioner are not complex.

The R & R is adopted in its entirety, and the petition (Docket No. 1) is DENIED. The Clerk is directed to enter judgment in favor of the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right, and accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      July 14, 2010